# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PETER MARIO GOICO** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 19-01055-JTM-GEB |
| ) | |
| **STATE OF KANSAS and** ) | |
| **GOVERNOR LAURA KELLY** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Filing Under Seal (**ECF No. 3**), Motion for Appointment of Counsel (**ECF No. 5**), and Revised Motion to be Anonymous (**ECF No. 8**). Upon careful review and for the reasons stated herein, all Motions are **DENIED WITHOUT PREJUDICE.**

## I.     Background

Plaintiff, proceeding pro se, filed a Civil Complaint against the State of Kansas and Governor Laura Kelly on March 8, 2019.[1] Plaintiff claims Defendants intend to legalize medical marijuana in the near future.[2] Plaintiff asserts any attempt to do so is unconstitutional and will interfere with his investment in a pharmaceutical company.[3] Legalization of medical marijuana, per Plaintiff, will lead to consumers buying less

---

[1] ECF No. 1.
[2] *Id.* at pp. 3-4.
[3] *Id.*

1

medication from pharmaceutical companies, lessening his chances of a return on his investment.[4]

On March 8, 2019, Plaintiff also filed a Motion for Filing Under Seal, asking this Court to seal the case out of safety and retaliation concerns.[5] On March 12, 2019, Plaintiff filed a Motion for Appointment of Counsel and Affidavit of Financial Status.[6] On March 22, 2019, Plaintiff filed a Revised Motion to be Anonymous, clarifying his intent to proceed anonymously.[7] These Motions are ripe for ruling before the undersigned Magistrate Judge. Plaintiff has also filed a Motion for Injunction against the State of Kansas[8] and a Revised Motion for Preliminary Injunction against the State of Kansas,[9] which will be decided by District Judge J. Thomas Marten.

## II. Motion for Filing Under Seal (ECF No. 3) and Revised Motion to be Anonymous (ECF No. 8)

In his Motion for Filing Under Seal, Plaintiff does not state whether he seeks to seal the entire case or only certain documents that have been filed or may be filed in the future. Either way, the Court must deny Plaintiff's Motion for Filing Under Seal for lack of specific, concrete facts supporting such a request to seal judicial records from public view. For the same reasons, the Court must deny the Revised Motion to be Anonymous.

---

[4] *Id.*
[5] ECF No. 3.
[6] ECF Nos. 5-6.
[7] ECF No. 8.
[8] ECF No. 4.
[9] ECF No. 7.

"It is well settled that federal courts recognize a common-law right of access to judicial records. This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest."[10] However, the public's right of access is not absolute.[11] "Because federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof."[12] Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."[13]

In support of his request to seal, Plaintiff asserts a concern for "threats on personal safety."[14] However, Plaintiff provides no specific facts showing any threats to him personally. Plaintiff generally cites to protests and groups that have garnered national attention in the last few years for turning violent or for threatening violence against those who do not share their opinions on certain topics.[15] Plaintiff also makes a vague reference

---

[10] *Carefusion 213, LLC v. Professional Disposables, Inc*., No. 09-2616-KHV-DJW, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010) (internal quotations and citations omitted).
[11] *Id*. (internal citations omitted).
[12] *Id*. (internal citations omitted).
[13] *Id.* (internal citations omitted).
[14] ECF No. 3, p. 1.
[15] *Id.*

3

to drug cartel violence.[16]  But, he gives no particularized examples.  As stated above, documents will not be sealed on the basis of unsupported hypothesis or conjecture.

Likewise, the Court declines Plaintiff's concern of "threats of retaliation by the State in the form of economic harm" as a reason to seal the record.[17]  Plaintiff states he receives disability income and all "it takes is one bureaucrat to 'reevaluate' my status and the State can cause economic harm in retaliation."[18]  But again, Plaintiff provides no facts showing any such action has actually occurred to him or been threatened against him.[19]  As such, the Court must decline Plaintiff's request to seal the record.

Similarly, the Court must decline Plaintiff's request to use an alias and proceed anonymously, as sought in the Revised Motion to be Anonymous.[20]  Federal Rule of Civil Procedure 17(a)(1) requires an action to be prosecuted in the name of the real party in interest.  However, while there are no rules or statutes allowing parties to proceed under a fictitious name, courts recognize some cases may present "exceptional circumstances" allowing a party to proceed anonymously.[21]  But, this is not such a case.

A plaintiff seeking to proceed under an alias must typically show disclosure of his identity in the public record would reveal highly sensitive and personal information resulting in a social stigma or the threat of real and imminent physical harm:

---

[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *See, e.g., Lindsey v. T2 Partners, LLC*, No. 18-CV-2604-DDC-TJJ, 2019 WL 1099886, at *2-3 (D. Kan. Mar. 8, 2019) (denying a motion to seal the case where plaintiff failed to provide information as to how she is being harassed or retaliated against, by whom, or how sealing the case would prevent any alleged harassment or retaliation).
[20] *See* ECF No. 3, p. 1; ECF No. 8.
[21] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.[22]

Further, because the public has an important interest in access to legal proceedings, its interest should be considered in determining whether some form of anonymity is warranted.[23] Thus, a plaintiff should not be permitted to proceed under an alias unless the need for anonymity outweighs the public interest in favor of openness.[24]

Plaintiff gives no additional reasons why he should be allowed to use an alias except for the reasons supporting sealing of the case as discussed above.[25] And, for the same reasons his request to seal is denied, so is his request to proceed under an alias. Plaintiff has not offered any individualized or imminent reasons justifying proceeding anonymously. Speculative, vague, impersonal, and generalized examples of threats of violence and retaliation are insufficient to demonstrate an "exceptional circumstance" exists to shield Plaintiff's identity from the public.[26]

---

[22] *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005) (internal citations omitted).
[23] *Id.*
[24] *See M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998).
[25] In his Revised Motion to be Anonymous (ECF No. 8), Plaintiff cites to Fed. R. Civ. P. 26(c), but that rule relates to entering protective orders due to annoyance, embarrassment, and oppression during the discovery process, and not to proceeding anonymously. This case is not in discovery yet, but regardless, as explained herein, Plaintiff has not stated any specific examples of annoyance, embarrassment or oppression. *See also Raiser*, 127 F. App'x at 411 (noting the risk a plaintiff may suffer some embarrassment is insufficient to permit anonymity).
[26] *See, e.g., Raiser*, 127 F. App'x at 411 (denying request to proceed by pseudonym where plaintiff failed to present any particularized evidence of harm to justify anonymity; vague and speculative reasons not sufficient).

5

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Filing Under Seal and Revised Motion to be Anonymous, but does so without prejudice. As this case progresses, Plaintiff may renew his motions, ***but only if*** Plaintiff can articulate a specific, imminent, and concrete harm that would outweigh the public's right of access to judicial records.[27] If Plaintiff submits motions to file certain documents under seal in the future, Plaintiff is directed to follow D. Kan. Rule 5.4.6.[28]

### III. Motion for Appointment of Counsel

Plaintiff has also filed a Motion for Appointment of Counsel and supporting Affidavit of Financial Status.[29] After careful consideration and for the reasons stated below, the Court declines to appoint counsel to represent Plaintiff at this time.

In general, there is no constitutional right to appointment of counsel in a civil case.[30] When evaluating whether to appoint counsel, the court considers multiple factors, such as (1) the merits of the litigant's claims, including the nature and complexity of those claims; (2) the litigant's ability to present his claims; (3) the litigant's financial ability to pay an attorney; and (4) the litigant's diligence in attempting to secure an attorney.[31] The party

---

[27] *See id.* at * 2 ("A party seeking to file documents under seal has the burden of showing disclosure of such documents 'in the public record would result in public or private harm' that would outweigh the public's right of access to the records.") (citing *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 101858, at *4 (D. Kan. Jan. 10, 2007)).

[28] This local rule can be found at http://www.ksd.circ10.dcn/index.php/local-rule/rule-5-4-6-sealed-documents/.

[29] ECF Nos. 5, 6.

[30] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[31] *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992).

seeking counsel has the burden "to convince the court" that asserted claims have sufficient merit to warrant the appointment of counsel.[32]

Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located.[33] The court has an obligation not to make indiscriminate appointments on every occasion that a plaintiff seeks court-ordered counsel,[34] particularly in light of the expanding federal court dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[35]

The Court is satisfied the third and fourth factors outlined above are met. Plaintiff's Affidavit of Financial Status shows Plaintiff is unemployed and the Court perceives it would be difficult for Plaintiff to afford an attorney without depleting his assets.[36] And, Plaintiff's Motion shows he has been diligent in attempting to secure counsel.[37]

The Court, however, is still unable to consider the first two factors. The Court is unable to fully evaluate the merits of Plaintiff's claims given the information presented in

---

[32] *Jones v. Maritz Research Co.*, No. CIV.A. 14-2467-SAC, 2014 WL 6632929, at *1 (D. Kan. Nov. 21, 2014) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir.2004)).
[33] *Castner*, 979 F.2d at 1421.
[34] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).
[35] *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2017 WL 4099472, at *2 (D. Kan. Sept. 14, 2017).
[36] *See* ECF No. 6.
[37] *See* ECF No. 5, pp. 3-4.

his Complaint. It appears there may be standing[38] and ripeness[39] issues as Kansas[40] has not actually legalized medical marijuana at this time, but without more information regarding Plaintiff's alleged injuries and connection to the challenged action, a merits determination cannot be undertaken. Additionally, at this stage, Plaintiff has not demonstrated any reason why he is unable to adequately present the case on his own. While Plaintiff states he has a mental disability, he gives no specifics regarding his disability or how it would hamper his ability to represent himself.[41] Additionally, Plaintiff's Complaint is understandable and adequately describes his claim.

The Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[42] as the case progresses. Postponing a decision to appoint counsel allows the Court to gain more information about both the merits of Plaintiff's claims and his ability to present this case to the Court.[43] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the

---

[38] *See, e.g., Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1115 (10th Cir.) ("In order to establish that standing exists, a party must show: (1) an injury in fact; (2) a causal connection between the injury and the challenged act; and (3) a likelihood that the injury will be redressed by a favorable decision.") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

[39] *Id.* at 1116 ("In order for a claim to be justiciable under Article III, it must present a live controversy, ripe for determination, advanced in a 'clean-cut and concrete form.' Our ripeness inquiry 'focuses not on whether the plaintiff was in fact harmed, but rather whether the harm asserted has matured sufficiently to warrant judicial intervention.' In short, '[r]ipeness doctrine addresses a *timing* question: *when* in time is it appropriate for a court to take up the asserted claim.'") (internal citations omitted; emphasis in original)).

[40] Eleventh Amendment Immunity may also be a concern. *See, e.g., Bock Assocs. v. Chronister*, 951 F. Supp. 969, 972 (D. Kan. 1996) (describing circumstances under which a state and its officials may be immune from suit).

[41] *See* ECF No. 5, p. 5.

[42] *Jones*, 2014 WL 6632929, at *3.

[43] *Id*. (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C. Cir. 1998)).

decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[44]  Under the circumstances, the factors weigh against seeking an attorney to represent Plaintiff at this time.  Therefore, the motion for appointment of counsel shall be **DENIED** without prejudice to Plaintiff filing a similar motion at a later time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Filing Under Seal (**ECF No. 3**), Motion for Appointment of Counsel (**ECF No. 5**), and Revised Motion to be Anonymous (**ECF No. 8**) are **DENIED WITHOUT PREJUDICE** for the reasons stated herein.

**IT IS FURTHER ORDERED** that a copy of this Memorandum and Order shall be mailed to Plaintiff by certified mail.  The Clerk's Office shall wait to unseal this case until after Plaintiff's 14-day deadline to object to this Order, pursuant to Fed. R. Civ. P. 72(a), has passed.   In the event Plaintiff seeks review of this Order, the Clerk's Office shall not unseal the case until after an order permitting publication of the case has been issued.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 26th day of March, 2019.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge

---

[44] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).