# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PETER MARIO GOICO )
 )
    Plaintiff, )
 )
v. ) Case No. 19-01055-JTM-GEB
 )
STATE OF KANSAS and )
GOVERNOR LAURA KELLY )
 )
    Defendant. )
 )

## MEMORANDUM AND ORDER

On March 8, 2019, Plaintiff, proceeding pro se, filed a Complaint against the State of Kansas seeking to oppose any future legalization of marijuana.[1] Plaintiff asserts legalization would be unconstitutional and will interfere with his investment in a pharmaceutical company.[2] The current issues before the Court, however, are Plaintiff's Motion to be Anonymous Plaintiff Based on Information of the Utmost Intimacy (**ECF No. 16**), Motion to Reconsider Appointment of Counsel (**ECF No. 17**), and Emergency Motion to Temporarily Redact Name Pending Outcome of Motion to be Anonymous Plaintiff Based on Information of the Utmost Intimacy (**ECF No. 19**). Upon careful review and for the reasons stated herein, all Motions described above are **DENIED**.

---

[1] ECF No. 1.
[2] *Id.*

1

I.  **Motion to be Anonymous Plaintiff Based on Information of the Utmost Intimacy (ECF No. 16) and Emergency Motion to Temporarily Redact Name Pending Outcome of Motion to be Anonymous (ECF No. 19).**

   A.  **Background**

The undersigned Magistrate Judge has already denied Plaintiff's request to proceed anonymously in the case.[3] This ruling came in a March 26, 2019 Memorandum and Order ("Order"), which also denied Plaintiff's request to the seal the case.[4] Plaintiff, as is his right, timely filed an Objection to the undersigned's rulings on these issues.[5] On April 12, 2019, District Judge J. Thomas Marten, after considering Plaintiff's arguments, overruled Plaintiff's Objection and ordered the case unsealed pursuant the undersigned's Order.[6]

On April 25, 2019, Plaintiff filed an Emergency Motion to Re-Seal Case Pending Further Objection and Possible Appeal.[7] Plaintiff asserted certain arguments regarding "issues of utmost intimacy" made in his Objection were not ruled on by Judge Marten.[8] On April 29, 2019, Judge Marten denied this Motion because Plaintiff failed to make these arguments in his original motions to seal the case and proceed anonymously.[9] Judge Marten also specifically held that this "case will not be sealed" and "[a]dditional motions on the issue will be summarily denied by the court."[10]

---

[3] March 26, 2019 Memorandum and Order, pp. 4-6 (ECF No. 9).
[4] *Id.* at pp. 2-4.
[5] *See* The Objection to the Honorable Gwynne E. Birzer's Ruling about me being an Anonymous Plaintiff (ECF No. 10).
[6] Memorandum and Order, pp. 1-2 (ECF No. 13).
[7] ECF No. 14.
[8] *Id.*
[9] Memorandum and Order, p. 1 (ECF No. 15).
[10] *Id.* at p. 2.

Despite this directive, Plaintiff has filed yet another motion on this subject matter, entitled Motion to be Anonymous Plaintiff based on Information of the Utmost Intimacy, which is currently before the Court. The Court understands Plaintiff's Motion is not technically a motion to seal and raises facts and arguments not previously presented. The Court also appreciates Plaintiff proceeds pro se, and while pro se parties are granted some leeway, they are still expected to follow the Court's rules.[11] Parties are expected to raise all factual and legal arguments in one motion. Failure to do so normally waives those arguments if later raised.[12] Of course, there is an exception if facts not previously known are later discovered or there is a change in the law, but repeated filings requesting the same relief without stating new legal or factual grounds are considered an abuse of the judicial process, and are also a drain on the Court's limited resources.[13] Plaintiff is now advised of this and should conduct himself accordingly as the case progresses.

B.     Discussion

The Court now turns to the merits of Plaintiff's Motion to be Anonymous Plaintiff based on Information of the Utmost Intimacy. Plaintiff argues he should be allowed to proceed anonymously because he suffers from Autism Spectrum Disorder, and some

---

[11] *See Sanders v. Anoatubby*, 631 F. App'x 618, 619 (10th Cir. 2015) (citing *Firstenberg v. City of Santa Fe*, N.M., 696 F.3d 1018, 1024 (10th Cir. 2012) and *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

[12] *See, e.g., Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief.") (quoting *M.D. Mark, Inc. v. Kerr–McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009)); *Harsco Corp. v. Renner*, 475 F.3d 1179, 1190 (10th Cir. 2007) ("[A] party waives those arguments that its opening brief inadequately addresses.").

[13] *See Wedel v. Craig*, No. 10-1134-EFM, 2010 WL 3184342, at *1 (D. Kan. Aug. 10, 2010).

aspects of that disability are "extremely intimate."[14] He points to an incident occurring years ago where he was a "victim of a drug addict seeking money for his next fix."[15] Plaintiff states when he informed police of this incident, they ridiculed him for being "stupid." Plaintiff described the experience as "beyond humiliating" and asserts it shows how aspects of his disability can be "stigmatizing."[16]

Proceeding under a pseudonym in federal court is, by all accounts, "an unusual procedure."[17] The Federal Rules of Civil Procedure do not contemplate the anonymity of parties.[18] To the contrary, Rule 10(a) requires that the title of a complaint "must name all the parties," and Rule 17(a) prescribes that an action be prosecuted "in the name of the real party in interest." Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court.[19]

Additionally, there is a substantial benefit to maintaining open court proceedings, and thus the public has an interest in knowing the identity of litigants.[20] However, like other courts, the Tenth Circuit has "recognized that there may be exceptional circumstances

---

[14] ECF No. 16, p. 1.
[15] *Id.*
[16] *Id.*
[17] *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998).
[18] *Id.* at 802.
[19] *Id.* at 799 (review of a district court decision denying leave to proceed under a pseudonym pursuant to the abuse of discretion standard).
[20] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (stating the public has an important interest in access to legal proceedings); *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010) (the right of access to judicial records "derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest.").

warranting some form of anonymity in judicial proceedings."[21] The Tenth Circuit adopted the following standard:

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.[22]

The Court does not find this to be an "exceptional" case justifying proceeding anonymously. The Court understands certain aspects of Plaintiff's disability are embarrassing, but, as stated above, the risk a party may suffer some embarrassment is not enough.

Additionally, the Court cannot discern why Plaintiff's disability is relevant to the case at hand. Plaintiff seeks to enjoin the State of Kansas from legalizing marijuana because it will interfere with his investment in a pharmaceutical company. There is no apparent link between that and Plaintiff's disability. Plaintiff states aspects of his disability are likely to come out during discovery and are important to proving his standing, but he does not explain why. At this stage, however, the Court can see no connection.

Finally, while Plaintiff does cite cases in support of his arguments, they are distinguishable.[23] Plaintiff cites *Doe v. Stegall*[24] and *Doe v. USD No. 237 Smith Ctr. Sch.*

---

[21] *Id.*
[22] *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).
[23] Due to Plaintiff's lack of citation, the Court was unable to locate the following cases cited by Plaintiff: *Roe v. Ingraham*, *Doe v. Coloutii*, and *Doe v. Lally*.
[24] 653 F.2d 180 (5th Cir. 1981).

*Dist*,²⁵ but those cases involved incidents concerning minors, which was the main reason both courts allowed anonymous proceedings.²⁶ Plaintiff also cites *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, where the court allowed exotic dancers suing their employer to proceed anonymously due to stigmatization and safety concerns regarding their profession.²⁷ The overarching reason the court allowed anonymity was because the case fell "into what may be roughly called the area of human sexuality."²⁸ The court recognized parties are often allowed to use pseudonyms in cases involving "topics in this 'sensitive and highly personal' area."²⁹

In contrast, Plaintiff is not a minor, and no allegations in Plaintiff's Complaint occurred when he was a minor. Nor does Plaintiff's case or his disability involve the heightened privacy area of human sexuality. Additionally, the subject matter of the above cases related to the reasons the plaintiffs were seeking to proceed anonymously. As explained above, the Court can see no connection between Plaintiff seeking to enjoin the legalization of marijuana and his disability.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to be Anonymous Plaintiff based on Information of the Utmost Intimacy. Accordingly, the Court also **DENIES** Plaintiff's Emergency Motion to Temporarily Redact Name Pending Outcome of Motion to be Anonymous Plaintiff Based on Information of the Utmost Intimacy.

---

²⁵ No. 16-CV-2801-JWL-TJJ, 2017 WL 3839416 (D. Kan. Sept. 1, 2017).
²⁶ *Stegall*, 653 F.2d at 186; *USD No. 237*, 2017 WL 3839416 at *11.
²⁷ 77 F. Supp. 3d 990 (N.D. Cal. 2015).
²⁸ *Id.* at 994.
²⁹ *Id.*

## II. Motion to Reconsider Appointment of Counsel (ECF No. 17)

Pursuant to D. Kan. Rule 7.3(b), parties seeking reconsideration of an order must file a motion within 14 days after the order was filed. Here, the undersigned filed her Order denying Plaintiff's Motion for Appointment of Counsel on March 26, 2019.[30] Plaintiff did not file his Motion to Reconsider Appointment of Counsel until May 2, 2019,[31] which is more than 14 days after the Order was entered. The Court therefore **DENIES** Plaintiff's Motion to Reconsider Appointment of Counsel as untimely.

But, even if Plaintiff's Motion was timely filed, the Court's ruling would be the same. A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[32] Plaintiff has presented none of these in his Motion. Plaintiff only states he needs counsel because he is inexperienced and uneducated regarding "terminology and court procedure."[33] However, as explained in the Order denying Plaintiff counsel, this is not a factor the Court considers, as most pro se litigants are unversed in the law.[34]

The main reason the Court denied Plaintiff counsel at this stage of the proceedings was because it was unable to fully evaluate the merits of Plaintiff's claims given the

---

[30] ECF No. 9, pp. 6-9.
[31] ECF No. 17.
[32] D. Kan. Rule 7.3(b).
[33] ECF No. 17, p. 2.
[34] ECF No. 9, p. 6 (explaining the factors courts consider when deciding whether to appoint counsel).

information presented in his Complaint.[35] Nothing in this regard has changed because the case has not proceeded toward the merits at all since the Court's March 26, 2019 Order denying counsel. Thus, Plaintiff's Motion to Reconsider Appointment of Counsel is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to be Anonymous Plaintiff Based on Information of the Utmost Intimacy (**ECF No. 16**), Motion to Reconsider Appointment of Counsel (**ECF No. 17**), and Emergency Motion to Temporarily Redact Name Pending Outcome of Motion to be Anonymous Plaintiff Based on Information of the Utmost Intimacy (**ECF No. 19**) are **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of May, 2019.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[35] *Id.* at pp. 7-9.