IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PETER MARIO GOICO,
    Plaintiff,

vs. No. 19-1055-JTM

STATE OF KANSAS,
    Defendant.

MEMORANDUM AND ORDER

As noted in the court's Order of April 12, 2019 (Dkt. 13), *pro se* plaintiff Peter Goico brings the present action seeking to prevent the Kansas state legislature from legalizing marijuana. In his Complaint, Goico alleges that "Kansas Governor, Laura Kelly, has become the latest to announce her intentions of legalize Marijuana." (Dkt. 1, at 3). He states that he "want[s] to invest some of my money" in pharmaceutical companies, but is concerned that marijuana legalization would "lead[] to a reduction in revenues for the company" he plans to invest in. (*Id*. at 3-4). In other pleadings, he alleges that legalization would leading to an "elevated crime rate," and asserts that legalization in Colorado has created "additional auto thefts, murder, rape and robbery," and that marijuana growers would damage the environment by toxic farming practices. (Dkt. 4 at 2-3). He alleges that he is particularly susceptible to crime because he suffers from "mild autism and OCD." (*Id*.)

The matter is now before the court on Goico's March 14, 2019 Response (Dkt. 21), filed after the United States Magistrate Judge denied his request to keep the present action under seal. This is *fourth* time that the undersigned or the Magistrate Judge has addressed Goico's request to keep the present action, or some aspect of it, secret. The Magistrate Judge first found there was no good reason to maintain the action under seal, to advance the action under a pseudonym, or for appointment of counsel. (Dkt. 9). The undersigned upheld this decision over Goico's objections on April 29. (Dkt. 15). Goico then filed four motions seeking similar relief. The Magistrate Judge denied the requested relief on May 10. The present pleading filed by Goico challenges, again, the requirement that he prosecute the action in his own name, and the refusal to appoint counsel on his behalf.

The Magistrate Judge's decision was correct and Goico's objections are overruled. With respect to the request for anonymity, the Magistrate Judge determined that the plaintiff's mental condition, which he explicitly describes as "mild, was not sufficiently embarrassing to warrant the extraordinary remedy of maintaining the action anonymously. She also correctly found that Goico's condition was not logically linked to the merits of the action, and that the cases cited by Goico in support for the relief sought were easily distinguishable. (Dkt. 20 at 5-6). Finally, she determined that Goico's renewed request for appointment of counsel was untimely under D.Kan.R. 7.3(b), and that in any event the plaintiff had failed to articulate some merits to the action which counsel might support. (*Id*. at 7-8).

The undersigned concurs, and indeed concludes plaintiff's claims are so lacking that the matter should be dismissed on the motion of the court. As the court observed in rejecting Goico's early objections and his motion for injunctive relief, the plaintiff is requesting relief outside the jurisdiction of the court. *See* Order, Dkt. 13, at 2 ("Leaving aside a host of other likely fatal problems with his action, the plaintiff has supplied no authority at all for this court to enjoin *hypothetical* state legislation.")

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Dismissal of a frivolous action under § 1915(e)(2) is mandatory "[n]otwithstanding any filing fee … that may have been paid." An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28.

The Supreme Court has recognized that the courts may enjoin enforcement of an unconstitutional statute once it has been enacted, but they lack power to preempt prospective legislation.

> The suggestion of any such jurisdiction of the court over that body [the state legislature] would not be entertained for a moment. The same exemption from judicial interference applies to all legislative bodies, so far as their

> legislative discretion extends. Municipal corporations are instrumentalities of the state for the more convenient administration of local affairs, and for that purpose are invested with certain legislative power. In the exercise of that power, upon the subjects submitted to their jurisdiction, they are as much beyond judicial interference as the legislature of the state. The courts cannot in the one case forbid the passage of a law nor in the other the passage of a resolution, order, or ordinance.

*McChord v. Cincinnati, N.O. & T.P. Ry.*, 183 U.S. 483, 496 (1902) (quoting *Alpers v. City & Cty. of San Francisco*, 32 F. 503, 506–07 (C.C.N.D. Cal. 1887)). *See also New Orleans Water Works Co. v. City of New Orleans*, 164 U.S. 471, 472 (1896) ("a court of equity cannot properly interfere with, or in advance restrain, the discretion of a municipal body while it is in the exercise of powers that are legislative in their character"); *Hearst v. Black*, 87 F.2d 68 (D.C.Cir.1936) ("courts cannot enjoin the enactment of unconstitutional laws — as to which proposition there can be no doubt").

"Judges interpret laws rather than reconstruct legislators' intentions." *I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 453 (1987) (Scalia, J., concurring). When laws have not been adopted, the court has nothing to construe. The "conjectural and speculative" possibility of future state legislation will not give the court jurisdiction to prevent its consideration. *See Jones v. Temmer*, 57 F.3d 921, 923 (10th Cir. 1995).

Here, the court cannot grant plaintiff the relief sought because his claim rests on "pure speculation of future legislation." *See Garcia v. Thaler*, 440 Fed.App'x 232, 237 (5th Cir. 2011). As a result, Goico's claim in essence asks for "an advisory opinion as to whether future legislation would be preempted" by various constitutional rights. *See Homquist v. United States*, 2017 WL 3013259, *4 (E.D. Wash. July 14, 2017). *See also In Cotto*

*v. Ardagh Glass Packing, Inc.*, No. CV 18-1037 (RBK/ AMD), 2018 WL 3814278, at *8 (D.N.J. Aug. 10, 2018) (refusing to consider effect of "future proposed legislation concerning the scope and status of legalized medical marijuana in New Jersey," because "[p]roposed amendments are just that: proposals. A legislature may refuse to enact a proposal just as swiftly as someone might turn down a wedding ring").

Accordingly, the present action is hereby dismissed. In addition, the court finds the plaintiff's repetitive pleadings unnecessary and unjustified. In addition to his Complaint, Goico has filed *thirteen* separate motions (either explicitly denominated as such, or the functional equivalent of motions) demanding relief. In its Order of April 29 (Dkt. 15, at 2), the court took notice of Goico's vexatious approach to pleadings, and concluded that not only "will [the case] not be sealed," but that "[a]dditional motions on the issue will be summarily denied by the court." Goico responded to this directive by filing a further five pleadings (a Motion to Seal, a Motion for Reconsideration, an Addendum, and an Emergency Motion) before the Magistrate Judge which directly or indirectly address the issue of anonymity.

The present action thus is dismissed. The court notifies plaintiff (1) that all additional pleadings in the action shall be referred to the undersigned rather than the Magistrate Judge; (2) that any pleading (whatever label plaintiff uses) which has the effect of asking for reconsideration of the present order shall be summary denied; and that the court may impose further filing restrictions as appropriate.

IT IS ACCORDINGLY ORDERED this 17th day of May, 2019, that the plaintiff's Response/Objections (Dkt. 21) are overruled, and the present action is hereby dismissed.

s/ J. Thomas Marten
J. Thomas Marten, Judge